**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Pamela E. Prescott, Esq. (SBN: 328243)
pamela@kazlg.com
Gil Melili, Esq. (SBN: 337116)
gil@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

[Additional Counsel On Signature Page]

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTHER MICHAELS, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>COACH FOUNDATION, INC.,<br><br>Defendant. | Case No.:   2:22-cv-06891<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>**Unlawful Recording of Cellular Communications under California Penal Code Section 632.7**<br><br>**JURY TRIAL DEMANDED** |

# INTRODUCTION

1. The California State Legislature passed the California Invasion of Privacy Act ("CIPA") in 1967 to protect the right of privacy of the people of California, replacing prior laws which permitted the recording of telephone conversations with the consent of one party to the conversation. California Penal Code § 632.7 was added to CIPA in 1992 due to specific privacy concerns over the increased use of cellular and cordless telephones. Section 632.7 prohibited intentionally recording all communications involving cellular and cordless telephones, not just confidential communications.

2. The plaintiff Esther Michaels ("Plaintiff") individually and on behalf of all others similarly situated in California ("Class Members"), brings this action for damages and injunctive relief against defendant COACH Foundation, Inc. ("COACH" or "Defendant"), for Defendant's unauthorized and illegal recordings of conversations with Plaintiff without any notification or warning to Plaintiff or Class Members, causing Plaintiff and Class Members damages and invasion of privacy.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

5. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

6. Unless otherwise indicated, the use of Defendant's names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

\\

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to CAFA, 28 U.S.C. § 1332(d), because at least one class member is of diverse citizenship from one defendant; there are more than 100 class members; and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs.

8. Defendant is a New York corporation with its principal place of business in New York, New York.

9. The Court has personal jurisdiction over Defendant because Defendant has sufficient minimum contacts with California and this judicial district.

10. Upon information and belief Defendant, at all material times hereto, made unlawful and illegal recordings of conversations with consumers, including Plaintiff and many other consumers within this judicial district.

11. Venue is proper in this Court because, (i) a substantial part of the events giving rise to the Plaintiff's claims against Defendant occurred within this judicial district (Plaintiff's telephone call was illegally recorded while Plaintiff was within this judicial district) and (ii) Defendant conducts business within this judicial district.

## PARTIES

12. Upon information and belief, Defendant was, and is, a New York corporation with its principal place of business in New York, New York.

13. Plaintiff is a natural person who resides in Los Angeles County, California.

## FACTUAL ALLEGATIONS

14. On or about August 2022, Plaintiff received an email from Defendant, inviting Plaintiff to hire Defendant for website development, marketing, and book publishing.

15. Intrigued by Defendant's email, Plaintiff eventually decided to set up a phone call with a member of Defendant's staff.

16. Plaintiff also informed Defendant of her time zone to coordinate a time for her phone call with Defendant.

17. On or about August 10, 2022, at approximately 9:45 a.m. PST, one of Defendant's representative Louise Ashby ("Ms. Ashby"), called Plaintiff's cellular telephone number (ending in 1398) from the phone number (845) 516-9095.

18. At the outset of the telephone conversation on August 10, 2022, Plaintiff informed Ms. Ashby on the other end of the phone call that she was living in Los Angeles, California at the time of the phone call.

19. During that telephone conversation, Plaintiff asked Ms. Ashby questions regarding ways in which Defendant could assist Plaintiff in developing a website, market her business, and publish her books.

20. After answering all of Plaintiff's questions, Ms. Ashby arranged for Plaintiff to speak with another one of Defendant's representatives on or about August 16, 2022 at 11:20 a.m. PST to 12:05 p.m. PST.

21. At no point during the telephone conversation on August 10, 2022 did Ms. Ashby disclose to Plaintiff that the call was being recorded.

22. On or about August 16, 2022, another one of Defendant's representatives, Jorge Moral ("Mr. Moral"), called Plaintiff's cellular telephone number.

23. During the telephone call on August 16, 2022, Defendant's representative asked Plaintiff's questions about her niche market, the number of books she had sold, and her monthly income when she had been working full time. The representative also discussed topics Plaintiff had discussed during her August 10, 2022 telephone call.

24. Much of what Defendant's representative was saying during the August 16, 2022 telephone call appeared to Plaintiff to be verbatim what she had discussed with Ms. Ashby during the August 10, 2022 telephone call. Concerned by this, Plaintiff asked Defendant's representative whether her August 10, 2022 telephone conversation was recorded.

25. After some hesitation, Defendant's representative confirmed that Defendant recorded its calls.

26. Shocked, Plaintiff expressed her concerns to Defendant's representative during the August 16, 2022 telephone call about the recent statement from Defendant's representative that it records its calls. Indeed, Plaintiff was upset upon having just then learned that Defendant had violated her privacy.

27. In response to Plaintiff's concerns, Defendant's representative asked whether he would need to delay the rest of the call and take it up another time.

28. Flustered, Plaintiff conveyed to Defendant's representative that she wanted to finish their discussion. After allowing Defendant's representative to answer her last question, Plaintiff ended the call.

29. On or about August 17, 2022, Defendant's representative, Mr. Moral, sent Plaintiff an email indicating that both he and Philip Tete ("Mr. Tete"), Defendant's co-owner and Vice President of Operations and Strategy, would be on a call scheduled with Plaintiff the following day.

30. On or about August 18, 2022, at approximately 12:30 p.m. PST to 1:30 p.m. PST, Plaintiff received a telephone call from Mr. Tete and Mr. Moral.

31. At the outset of the August 18, 2022 telephone call, Plaintiff was asked whether that conversation could be recorded. Plaintiff declined to be recorded.

32. Also, during the August 18, 2022 telephone call, Mr. Tete indicated that Defendant's attorneys had posted a privacy notice on Defendant's website. However, Plaintiff's understanding was that such notice concerned cookies and advertising rather than the audio recording of telephone calls, which understanding Plaintiff expressed to Mr. Tete.

33. Mr. Tete then indicated that he appreciated Plaintiff bringing her concerns to Defendant's attention and that he would ensure compliance with the appropriate laws.

34. Mr. Tete also explained that any recordings of Defendant's conversations with Plaintiff would be on a highly secure server.

35. In response, Plaintiff requested for Mr. Tete to provide her with the recording(s)

of Defendant's conversation(s) with Plaintiff. To this date, Plaintiff has not received a copy of the audio recordings.

36. Upon information and belief, Defendant continues to record its calls with Californians without providing the appropriate disclosures.

37. Moreover, Defendant has not updated its privacy policy since May 25, 2018, and that policy fails to disclose the fact that Defendant records its phone calls.

38. Plaintiff did not discover, and could not discover through the exercise of reasonable diligence, the fact that Defendant was recording telephone calls from Plaintiff or that Defendant intended to record the calls before the untimely disclosure by Defendant's representatives.

39. Defendant concealed the fact that it was recording the aforementioned telephone calls on several occasions to create the false impression in the minds of Plaintiff and those similarly situated without their knowledge or consent that they were not being recorded.

40. Before or at the outset of the telephone calls with Plaintiff on August 10th and August 16, 2022, there was no verbal warnings that the calls were, or even may, be recorded. Such warnings are ubiquitous today when companies elect to audio record telephone calls with consumers.

41. Indeed, Plaintiff declined to be audio recorded when asked during the August 18, 2022 call.

42. Additionally, Plaintiff did not hear any intermittent beeping sounds during any of the calls with Defendant that might have alerted Plaintiff to the Defendant's practice of audio recording the calls.

43. California law requires consent from all parties to the call, particularly when Plaintiff was present and residing in California at the time of the call.

44. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by California law.

45. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was shocked, upset and angry that Defendant audio recorded at least one cellular telephone conversations with Plaintiff without Plaintiff's knowledge or consent.

## CLASS ACTION ALLEGATIONS

46. Plaintiff brings this lawsuit as a class action on behalf of herself and Class Members of the proposed Class pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3).

47. Plaintiff is a member of the proposed Class consisting of and defined as follows:

> All persons in California whose inbound and outbound cellular telephone conversations were recorded by Defendant and/or its employees and/or agent/s within one year prior to the filing of this action.

48. Excluded from the Class are: (1) Defendant, any entity or division in which Defendant has a controlling interest, and their legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; and (3) those persons who have suffered personal injuries as a result of the facts alleged herein.

49. Plaintiff reserves the right to redefine the Class and to add subclasses as appropriate based on discovery and specific theories of liability.

50. <u>Numerosity</u>: The Class members are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire Class is currently unknown to Plaintiff at this time; however, given that, on information and belief, Defendant audio recorded calls of at least hundreds of class members in California during the Class Period, it is reasonable to presume that the members of the Class are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

51. <u>Commonality</u>: There are common questions of law and fact as to Class members that predominate over questions affecting only individual members, including, but not limited to:

- Whether, within the statutory period Defendant recorded any calls with the California members of the Class;
- Whether Defendant had and continues to have a policy and/or practice during the relevant period of recording telephone calls;
- Whether Defendant had and continues to have a policy and/or practice during the relevant period of recording cellular telephone calls with the Class members;
- Whether Defendant recorded the calls without first advising of call recording immediately before or at the outset of the calls;
- Whether Defendant's audio recording of telephone communications with Class members constitutes a violation of Cal. Penal Code § 632.7;
- Whether Plaintiff and Class members were damaged thereby, and the extent of damages for such violation; and,
- Whether Defendant should be enjoined from engaging in such conduct in the future.

52. <u>Typicality</u>: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class member with whom they are similarly situated, and Plaintiff's claims (or defenses, if any) are typical of all Class members as demonstrated herein.

53. Plaintiff represents and is a Class member because Plaintiff called and spoke with Defendant or its agent for a time without a prompt or proper warning that the call was being recorded, and Defendant recorded its conversations with Plaintiff without recording advisements at the outset or prior to recording the conversation.

54. Plaintiff and Class members were harmed by the acts of Defendant in at least the following ways: Defendant illegally recorded the Plaintiff and Class members by way of their cellular telephones thereby causing Plaintiff and Class members to

have personal information revealed without notification that their conversation was being recorded and by invading the privacy of said Plaintiff and Class members. Plaintiff and Class members were damaged thereby.

55. <u>Adequacy</u>: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class member with whom she is similarly situated, as demonstrated herein. Plaintiff acknowledges that she will have an obligation to make known to the Court any relationship, conflicts, or differences with any Class member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. In addition, the proposed class counsel is experienced in handling claims involving consumer actions and violations of California Penal Code Section 632.7.

56. <u>Predominance</u>: Questions of law or fact common to the Class members predominate over any questions affecting only individual members of the class. The elements of the legal claims brought by Plaintiff and Class members are capable of proof at trial through evidence that is common to the Class rather than individual to its members.

57. <u>Superiority</u>: Plaintiff and the Class members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy particularly because individual Class members have no way of discovering that Defendant recorded their telephone conversations without Class members' knowledge or consent. Furthermore, absent a class action, most Class members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law. Class action treatment is manageable because it will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would endanger. Because of the relatively small size of

the individual Class members claims, it is likely that only a few Class members could afford to seek legal redress for Defendant's misconduct. Absent a class action, Class members will continue to incur damages, and Defendant's misconduct will continue without remedy. Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants and will promote consistency and efficiency of adjudication.

58. The Class may also be certified because:
   (a) the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudication with respect to individual Class members, which would establish incompatible standards of conduct for Defendant;
   (b) the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and
   (c) Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

59. This suit seeks only statutory damages and injunctive relief for recovery of economic injury on behalf of Class members and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery, or to narrow the class definition as may be appropriate.

60. The joinder of Class Members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the

court. The Class Members can be identified through Defendant's records.

## COUNT I
### ILLEGAL TELEPHONE RECORDING OF CELLULAR PHONE CONVERSATIONS UNDER CALIFORNIA PENAL CODE § 632.7

61. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

62. At all relevant times hereto, Defendant had and followed a policy and practice of using a telecommunications system that enabled them to surreptitiously record cellular telephone communications between Defendant and Plaintiff and California Class members.

63. At all relevant times hereto, Defendant intentionally and surreptitiously recorded cellular telephone calls concerning personal matters between Defendant and Plaintiff and Class members.

64. At all relevant times hereto, Defendant had and followed a policy and practice of not advising or warning Plaintiff and Class Members immediately before or at the outset of the calls that the cellular telephone communications with Defendant would be recorded.

65. Defendant failed to obtain consent of Plaintiff and Class Members prior to recording any of their cellular telephone conversations.

66. Defendant's conduct violated section 632.7(a) of the California Penal Code.

67. Plaintiff and Class members are entitled to recovery of actual and statutory damages in the amount of $5,000.00 per violation.

68. Plaintiff is also entitled to attorneys' fees and costs pursuant to, *inter alia*, Cal. Code of Civ. Proc. § 1021.5.

### PRAYER FOR RELIEF

69. WHEREFORE, Plaintiff, on behalf of herself and the Class, prays that judgment be entered against Defendant, and Plaintiff and the Class be awarded damages from Defendant as follows:

- That the action regarding each violation of the California Invasion of

Privacy Act, Cal. Penal Code Section § 632.7, be certified as a class action on behalf of the Class and as requested herein;

- That Plaintiff be appointed as representative of the Class;
- That Plaintiff's counsel be appointed as counsel for the Class;
- An amount of $5,000 for each violation of Section 632.7 of the California Penal Code, pursuant to Cal. Pen. Code § 637.2(a);
- Injunctive relief to prevent the further occurrence of such illegal acts alleged herein pursuant to Cal. Pen. Code § 637.2(b);
- Reasonable attorneys' fees, pursuant to, *inter alia*, Cal. Code Civ. Proc. § 1021.5 and the common fund doctrine;
- Costs of suit; and
- All other relief that the Court may deem just and proper including interest.

## JURY DEMAND

70. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff and Class members are entitled to, and demand, a trial by jury.

Dated: September 23, 2022                    Respectfully submitted,

                                          **KAZEROUNI LAW GROUP, APC**

                                          By: Abbas Kazerounian
                                          Abbas Kazerounian, Esq. (SBN: 249203)
                                          ak@kazlg.com
                                          *Attorneys for Plaintiff*

\\
\\
\\
\\
\\
\\

**Additional Counsel for Plaintiff**
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
321 N Mall Drive, Suite R108
St. George, Utah 84790
Telephone: (800) 400-6808
Facsimile: (800) 520-5523