UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-6891 FMO (JEMx) | Date | October 11, 2022 |
|---|---|---|---|
| Title | Esther Michaels v. Coach Foundation, Inc. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Gabriela Garcia | None | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):    Attorney Present for Defendant(s):
None Present                          None Present

**Proceedings:**     (In Chambers) Order to Show Cause Re: Dismissal for Lack of Jurisdiction

On September 23, 2022, Esther Michaels ("plaintiff") filed a complaint asserting a state law claim against defendant Coach Foundation, Inc., (see Dkt. 1, Complaint at ¶¶ 61-68), and asserting jurisdiction on the basis of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (See id. at ¶ 7) ("This Court has jurisdiction over this action pursuant to CAFA, 28 U.S.C. § 1332(d)[.]").

"CAFA vests federal courts with original diversity jurisdiction over class actions where (1) the aggregate amount in controversy exceeds $5,000,000; (2) any class member is a citizen of a state different from any defendant; and (3) there are at least 100 class members." Brinkley v. Monterey Fin. Servs., Inc., 873 F.3d 1118, 1121 (9th Cir. 2017); see 28 U.S.C. § 1332(d)(2) "[D]istrict courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant[.]").

Having reviewed the Complaint, the court questions whether the claims of the individual class members exceed $5,000,000 in the aggregate. See 28 U.S.C. § 1332(d)(2); Dart Cherokee Basin Operating Co., LLC v. Owens, 574, U.S. 81, 89, 135 S.Ct. 547, 554 (2014) ("Evidence establishing the amount is required . . . when the plaintiff contests, or the court questions, the defendant's allegation."). Plaintiff alleges that "the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs[,]" (see Dkt. 1, Complaint at ¶ 7), but she does not provide sufficient facts for the court to determine whether the amount in controversy has been satisfied. (See, generally, id.).

Based on the foregoing, IT IS ORDERED that:

1. Plaintiff shall file a First Amended Complaint no later than **October 21, 2022**, that addresses the issues referenced above.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 22-6891 FMO (JEMx)** | Date | **October 11, 2022** |
|---|---|---|---|
| Title | **Esther Michaels v. Coach Foundation, Inc.** | | |

    2.  The First Amended Complaint must be labeled "First Amended Complaint," filed in compliance with Local Rule 3-2 and contain the case number assigned to the case. In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make her First Amended Complaint complete. Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading. This is because, as a general rule, an amended pleading supersedes the original pleading. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent. In other words, the original pleading no longer performs any function[.]") (citations and internal quotation marks omitted).

    3.  Plaintiff is cautioned that failure to timely file a First Amended Complaint shall result in this action being dismissed without prejudice for failure to prosecute and/or failure to comply with a court order. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | gga | |